IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE ELLEN ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____ | Case No.: 1:10-cv-01096 JLT<br><br>ORDER TO SHOW CAUSE WHY THE<br>ACTION SHOULD NOT BE DISMISSED |

　　　Sue Ellen Anderson ("Plaintiff") commenced this action against the defendant, Commissioner of Social Security, on June 16, 2010. (Doc. 1). The Court issued its Scheduling Order on June 17, 2010. (Doc. 6). The Social Security Administrative Transcript was filed on October 28, 2010. (Doc. 9). According to the Scheduling Order, the plaintiff should have served a letter brief on defendant within thirty days of service of the administrative record, or by November 27, 2010. (Doc. 6 at 2). Defendant was to respond with thirty-five days, or by January 1, 2011. *Id.* Where the parties do not agree to a remand, an opening brief must be filed with the Court within thirty days of service of the defendant's response. *Id.* Therefore, Plaintiff's opening brief was due by January 31, 2011.

　　　In the Scheduling Order, the parties were notified that "the Court will allow a single thirty (30) day extension of any part of [the] scheduling order by stipulation of the parties."

1

1  (Doc. 5 at 4).  Also, the parties were informed that, with the exception of the single
2  stipulation, any requests to modify the Scheduling Order must be made by written motion and
3  would only be granted for good cause.  *Id.*  Further, the parties were warned that violations of
4  the order may result in sanctions pursuant to Local Rule 110.  *Id.*  Notably, the parties have
5  not stipulated to extend deadlines, nor have requests have been made to the Court to modify
6  the Scheduling Order.

7  The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a
8  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of
9  any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have
10 inherent power to control their dockets," and in exercising that power, a court may impose sanctions
11 including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831
12 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute
13 an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v.*
14 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
15 requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.
16 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,
17 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

18 Accordingly, Plaintiff is ORDERED to show cause within TWENTY-ONE (21) days of the
19 date of service of this Order why the action should not be dismissed for her failure to prosecute or to
20 follow the Court's Order.

21
22 IT IS SO ORDERED.
23 Dated:   **February 8, 2011**                                              /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE